UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

CHRISTOPHER M. JONES,

        Plaintiff,

v.                                    CIVIL ACTION NO. 5:19-cv-00814

GREENBRIER MINERALS, LLC,

        Defendant.

## ORDER

Pending is Greenbrier Minerals, LLC's ("Greenbrier Minerals"), Second Renewed Motion for Summary Judgment [Doc. 48], filed January 15, 2021. Plaintiff Christopher M. Jones responded in opposition [Doc. 51] on January 29, 2021, to which Greenbrier replied on February 8, 2021 [Doc. 52].

### I.

On October 22, 2019, Mr. Jones instituted this action against Greenbrier Minerals in the Circuit Court of Raleigh County alleging claims for (1) FMLA interference, (2) FMLA discrimination/retaliation, and (3) common law wrongful discharge pursuant to *Harless v. First National Bank*, 162 W. Va. 116, 246 S.E.2d 270 (1978). Greenbrier removed the action on November 14, 2019, and seeks summary judgment on all three of Mr. Jones's claims.

*Federal Rule of Civil Procedure* 56 provides that summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the nonmoving

party to show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The nonmoving party must do so by offering 'sufficient proof in the form of admissible evidence' rather than relying solely on the allegations of her pleadings." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016) (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993)).

The Court must "view the evidence in the light most favorable to the [nonmoving] party." *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (internal quotation marks omitted); *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018). "The court . . . cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *see also Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017). In general, if "an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate." Fed. R. Civ. P. 56 advisory committee's note to 1963 amendment.

## II.

Upon review of the briefs submitted, the Court concludes that genuine disputes of material fact remain as to each of Mr. Jones's claims, thus precluding summary judgment. Accordingly, the Court **DENIES** Greenbrier Minerals' Second Renewed Motion for Summary Judgment [**Doc. 48**].

The Clerk is directed to send a copy of this Order to counsel of record and to any unrepresented party.

ENTERED: March 31, 2021

Frank W. Volk
United States District Judge